## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA ROSENDAHL, Y65350, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEANNA WILLIAMS, | ) | |
| ANGELA COMAGNI, | ) | |
| CORRIDORI SMITH, | ) | Case No. 25-cv-139-DWD |
| C/O McELROY, | ) | |
| C/O LEDBETTER, | ) | |
| C/O HAYTHORNE, | ) | |
| C/O YARBROGH, | ) | |
| SARGENT ETCHASON, | ) | |
| C/O SIEBERT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Joshua Rosendahl, a former inmate[1] of the Illinois Department of Corrections (IDOC) who was detained at Vandalia Correctional Center (Vandalia), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  The Court dismissed Plaintiff's original complaint for failure to state a claim because he did not link the named defendants to personal responsibility for the facts alleged, and it dismissed his amended complaint as factually insufficient to sustain an Eighth Amendment claim.  (Doc. 17).  Plaintiff's Second Amended Complaint (Doc. 18) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

---

[1] At the time of filing the original and amended complaints, Plaintiff was incarcerated.  He recently updated his address with his second amended complaint to reflect his release.  (Doc. 18 at 18).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff again alleges that on October 24, 2024, a fellow inmate attacked him while he was watching television. (Doc. 1 at 5). He alleges that Defendants Williams, Comagni and Smith were responsible for ensuring a safe prison environment, but they failed to train staff to do so. (Doc. 18 at 7). Plaintiff alleges that Defendant McElroy should have been monitoring the dorm, but was not doing so, causing him to be attacked and to wait in pain for an hour before he could get medical attention. (Doc. 18 at 9). He newly alleges that after the assault, Defendants Etchason, Ledbetter, Haythorne, Yarbrogh, and Siebert harassed him about the incident and violated his "HEPA" rights by allowing his medical records to be dispersed throughout the institution. (Doc. 18 at 8-9). Plaintiff indicates he does not know the identity of his assailant, but he generically faults the defendants for leaving him in a dangerous situation with violent offenders. (Doc. 18 at 7, 10).

Based on the allegations in the Second Amended Complaint, the Court will designate the following claim:

**Claim 1:**    **Eighth Amendment deliberate indifference claim against Defendant McElroy for failing to protect or intervene in the attack and delaying medical care.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Preliminary Dismissals

Plaintiff's generic assertion that Comagni, Smith, or Williams should have protected him is insufficient to proceed because he does not say anything to demonstrate that they had advance knowledge of a risk of harm. He does not say he ever contacted them about a danger from fellow inmates, nor does he allege unprovoked attacks were a frequent occurrence at the prison. The bare assertion that they should have done more to train staff is not enough to plausibly infer that they acted or failed to act knowing that Plaintiff faced an extreme danger. It is also significant to note that there is no *respondeat superior* liability under § 1983, and supervisors can only be held liable for their own direct involvement, so the mere role of these defendants as supervisors is insufficient to establish a claim. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) (public employees are liable for their own misdeeds but not for anyone else's). With no suggestion that Williams, Comagni, or Smith knew about the situation or the environment in this cellhouse, Plaintiff cannot hold them liable under § 1983.

Plaintiff also now alleges for the first time that numerous defendants harassed him after the attack and violated "HEPA" protections. The Court assumes that Plaintiff means HIPAA (The Health Insurance Portability and Accountability Act of 1996), the statute that safeguards medical records. However, there is no private cause of action for HIPAA violations, so this theory cannot proceed. *Carpenter v. Phillips*, 419 Fed. App'x 658, 659 (7th Cir. 2011). As for the alleged verbal harassment, although the Court does not condone it, plain verbal taunts do not rise to the level of a constitutional harm without any sort of suggestive action that creates an additional risk. *See e.g., Lisle v. Welborn, et al.*, 933 F.3d 705, 718-19 (7th Cir. 2019) (while simple verbal harassment is not actionable, harassment that preys upon a unique victim may amount to deliberate indifference); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review); *compare with Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009) (finding that a guard who hung a noose in view of an inmate did not violate the Eighth Amendment because it was quickly removed and the situation was investigated). Here, Plaintiff has not said enough about the harassment, which he now mentions for the first time in his second amended complaint, to support a claim under the Eighth Amendment. He suggests at most that the harassment made him uncomfortable, but not that the guards issued actual threats or put him at risk from fellow inmates. At this juncture, the Court finds the claim insufficient.

## ANALYSIS

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago*, 599 F.3d at 756. "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). Related to the failure to protect, inmates may also allege that prison staff failed to intervene in an ongoing assault. *See Eddmonds v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). To establish such a claim, an inmate must allege the onlooker had a reasonable opportunity to intervene.

The Court has already considered and rejected Plaintiff's allegations against Defendant McElroy twice on a theory of failure to protect or intervene. In the second

amended complaint, Plaintiff does not present any new facts about McElroy's involvement. He does not say McElroy knew that his assailant was dangerous beforehand or that the inmates had any prior disputes. He also does not say McElroy witnessed the fight and was slow to respond to the actual altercation. At most, he says McElroy was slow to respond or to provide medical care, but he does not even explain what he or other inmates did to get McElroy's attention. Prisons are dangerous and guards cannot predict every possible dangerous situation that may occur on any given day. The mere allegation that McElroy was ignorant to what occurred is simple negligence.

Given that this is now Plaintiff's third attempt to file a viable pleading, the Court finds that it is not necessary to afford further opportunities. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

DISPOSITION

Plaintiff's Second Amended Complaint (Doc. 18) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: September 29, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge